**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JESUS FUENTES, VICTOR M. OCHOA ALVARADO, PEDRO A. MERCADO VENTURA, JUAN SEGURA, JOSE MENJIVAR, VICENTE MANCIA PALACIOS, JADER PRADO, EDILBERTO GUTIERREZ, ELMER GOMEZ, FRANCISCO GARCIA and WILLIAM MARTINEZ, Plaintiffs, | § § § § § § § § § § | |
| V. | § | CIVIL ACTION NO. 4:16-cv-3338 |
| | § | |
| KAVAC, LLC d/b/a FISHER HOMES, KAVAC HOLDING COMPANY, LLC and TERRY J. FISHER, Defendants. | § § § § | JURY DEMANDED |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 *et seq.* (1994 ed. and Supp. III) ("FLSA"). This action is brought to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiffs Jesus Fuentes, Victor M. Ochoa Alvarado, Pedro A. Mercado Ventura, Juan Segura, Jose Menjivar, Vicente Mancia Palacios, Jader Prado, Edilberto Gutierrez, Elmer Gomez, Francisco Garcia and William Martinez by Defendants Kavac, LLC d/b/a Fisher Homes, Kavac Holding Company, LLC and Terry Fisher.

## Parties

1. Plaintiffs Jesus Fuentes ("Fuentes"), Victor M. Ochoa Alvarado ("Alvarado"), Pedro A. Mercado Ventura ("Ventura"), Juan Segura ("Segura"), Jose Menjivar ("Menjivar"), Vicente Mancia Palacios ("Palacios"), Jader Prado ("Prado"), Edilberto Gutierrez ("Gutierrez"), Elmer Gomez ("Gomez"), Francisco Garcia ("Garcia") and William Martinez ("Martinez"),

former employees of Defendants, as that term is defined by the FLSA, and are represented by the undersigned. During their employment with the Defendants, the Plaintiffs were, individually, directly engaged in interstate commerce.

2. Defendant Kavac, LLC d/b/a Fisher Homes ("Fisher Homes") is a Texas limited liability company that employed Plaintiffs. With respect to Plaintiffs, Fisher Homes is subject to the provisions of the FLSA. Fisher Homes was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000. Kavac, LLC d/b/a Fisher Homes may be served through its registered agent Todd W. Taylor at 832 Yale Street, Houston, Texas 77007 or wherever he may be found.

3. Defendant Kavac Holding Company, LLC. ("Kavac Holding") is a Texas limited liability company that employed Plaintiffs. With respect to Plaintiffs, Kavac is subject to the provisions of the FLSA. Kavac was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000. Kavac may be served through its registered agent Terry J. Fisher at 832 Yale Street, Houston, Texas 77007, or wherever he may be found.

4. Defendant Terry J. Fisher is an individual who was an "employer" as that term is defined by the FLSA because he acted on behalf of Fisher Homes and Kavac Holding in setting the terms of wages and hours throughout the companies, and running them on a day to day basis. Mr. Fisher worked as part of the enterprise engaged in interstate commerce as defined by 29 U.S.C. § § 203(r) and (s). Defendant Terry J. Fisher may be served with process at 832 Yale Street, Houston, Texas 77007, or wherever he may be found.

## **<u>Jurisdiction and Venue</u>**

5. This Court has jurisdiction under the FLSA, and venue is proper pursuant to

28 U.S.C. § 1391(b), as Defendants and Plaintiffs transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well. At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s). Additionally, Plaintiffs were individually engaged in commerce and their work was essential to Defendants' business. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiffs transacted business within this judicial district and some of the events underlying this complaint occurred within this judicial district. Upon information and belief, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

## Factual Allegations

6. Jesus Fuentes was employed by the Defendants from September of 2014 to February of 2015 and again from April of 2016 to October of 2016. He was employed as a General Laborer/Construction Worker. Fuentes's duties included, but were not limited to, mixing concrete, making forms for buildings, steel work, framing and pouring concrete. He regularly worked more than 40 hours a week throughout his employment with Defendants. Fuentes was paid on an hourly rate basis, but was not paid premium pay for hours worked over 40. In other words, throughout Fuentes's employment with Defendants, Defendants failed to pay him the overtime premium required by the FLSA. He was paid the same hourly rate for all hours

he worked, regardless of how many hours he worked in a week.

7. Victor M. Ochoa Alvarado was employed by the Defendants from November of 2014 to December of 2015 and again from May of 2016 to October of 2016. He was employed as a General Laborer/Construction Worker. Alvarado's duties included, but were not limited to, mixing concrete, making forms for buildings, steel work and framing. He regularly worked more than 40 hours a week throughout his employment with Defendants. Alvarado was paid on an hourly rate basis, but was not paid premium pay for hours worked over 40. In other words, throughout Alvarado's employment with Defendants, Defendants failed to pay him the overtime premium required by the FLSA. He was paid the same hourly rate for all hours he worked, regardless of how many hours he worked in a week.

8. Pedro A. Mercado Ventura was employed by the Defendants from September of 2014 to October of 2016. He was employed as a General Laborer/Construction Worker. Ventura's duties included, but were not limited to, mixing concrete, making forms for buildings, steel work and framing. He regularly worked more than 40 hours a week throughout his employment with Defendants. Ventura was paid on an hourly rate basis, but was not paid premium pay for hours worked over 40. In other words, throughout Ventura's employment with Defendants, Defendants failed to pay him the overtime premium required by the FLSA. He was paid the same hourly rate for all hours he worked, regardless of how many hours he worked in a week.

9. Juan Segura was employed by the Defendants from September 27, 2013 to October 19, 2016. He was employed as a General Laborer/Construction Worker. Segura's duties included, but were not limited to, pouring concrete into frames and framing. He regularly worked more than 40 hours a week throughout his employment with Defendants. Segura was paid on an hourly rate basis, but was not paid premium pay for hours worked over 40. In other

words, throughout Segura's employment with Defendants, Defendants failed to pay him the overtime premium required by the FLSA. He was paid the same hourly rate for all hours he worked, regardless of how many hours he worked in a week.

10. Jose Menjivar was employed by the Defendants from April 10, 2010 to October 20, 2016. He was employed as a Framer. Menjivar's duties included, but were not limited to, cutting and lifting frames. He regularly worked more than 40 hours a week throughout his employment with Defendants. Menjivar was paid on an hourly rate basis, but was not paid premium pay for hours worked over 40. In other words, throughout Segura's employment with Defendants, Defendants failed to pay him the overtime premium required by the FLSA. He was paid the same hourly rate for all hours he worked, regardless of how many hours he worked in a week.

11. Vicente Mancia Palacios was employed by the Defendants from December of 2014 to January of 2016 and from September of 2016 to October of 2016. He was employed as a General Laborer/Construction Worker and Security Guard. Palacios's duties included, but were not limited to, mixing concrete, hauling bricks and wood, bass trapping, and cleaning jobsites. As a Security Guard, Palacios's duties included, but were not limited to, staying after hours to monitor jobsite and making sure tools and equipment were locked up. He regularly worked more than 40 hours a week throughout his employment with Defendants. Palacios was paid on an hourly rate basis, but was not paid premium pay for hours worked over 40. In other words, throughout Palacios's employment with Defendants, Defendants failed to pay him the overtime premium required by the FLSA. He was paid the same hourly rate for all hours he worked, regardless of how many hours he worked in a week.

12. Jader Prado was employed by the Defendants from October of 2013 to February of 2016. He was employed as a General Laborer/Construction Worker and Security Guard.

Prado's duties included, but were not limited to, unloading materials, cutting tile and installing tile. As a Security Guard, Prado's duties included, but were not limited to, staying after hours to monitor jobsite and making sure tools and equipment were locked up. He regularly worked more than 40 hours a week throughout his employment with Defendants. Prado was paid on an hourly rate basis, but was not paid premium pay for hours worked over 40. In other words, throughout Prado's employment with Defendants, Defendants failed to pay him the overtime premium required by the FLSA. He was paid the same hourly rate for all hours he worked, regardless of how many hours he worked in a week.

13. Edilberto Gutierrez was employed by the Defendants from August of 2014 to June of 2016. He was employed as a Framer. Gutierrez's duties included, but were not limited to, installing wood floors, installing doors, making frames for homes, installing decks and installing cabinets. He regularly worked more than 40 hours a week throughout his employment with Defendants. Gutierrez was paid on an hourly rate basis, but was not paid premium pay for hours worked over 40. In other words, throughout Gutierrez's employment with Defendants, Defendants failed to pay him the overtime premium required by the FLSA. He was paid the same hourly rate for all hours he worked, regardless of how many hours he worked in a week.

14. Elmer Gomez was employed by the Defendants from January of 2015 to September of 2015. He was employed as a Painter/General Laborer. Gomez's duties included, but were not limited to, preparing and mixing paint, painting walls and painting sheetrock. He regularly worked more than 40 hours a week throughout his employment with Defendants. Gomez was paid on an hourly rate basis, but was not paid premium pay for hours worked over 40. In other words, throughout Gomez's employment with Defendants, Defendants failed to pay him the overtime premium required by the FLSA. He was paid the same hourly rate for all hours he worked, regardless of how many hours he worked in a week.

15. Francisco Garcia was employed by the Defendants from April of 2013 to October of 2015. He was employed as a General Laborer/Construction Worker. Garcia's duties included, but were not limited to, framing, interior painting, putting down wood floors, hanging sheetrock, exterior siding and delivering tools or equipment to job sites. He regularly worked more than 40 hours a week throughout his employment with Defendants. Garcia was paid on an hourly rate basis, but was not paid premium pay for hours worked over 40. In other words, throughout Garcia's employment with Defendants, Defendants failed to pay him the overtime premium required by the FLSA. He was paid the same hourly rate for all hours he worked, regardless of how many hours he worked in a week.

16. William Martinez was employed by the Defendants from March of 2013 to November 25, 2015. He was employed as a General Laborer/Construction Worker. Martinez's duties included, but were not limited to, pouring concrete, delivering tools or equipment to other job sites and going to stores to purchase items needed to complete the job. He regularly worked more than 40 hours a week throughout his employment with Defendants. Martinez was paid on an hourly rate basis, but was not paid premium pay for hours worked over 40. In other words, throughout Martinez's employment with Defendants, Defendants failed to pay him the overtime premium required by the FLSA. He was paid the same hourly rate for all hours he worked, regardless of how many hours he worked in a week.

17. Terry J. Fisher is an owner of both Fisher Homes and Kavac Holding, and has the ability to affect the daily conditions of employment of those companies' employees. Fisher hired, fired and set pay policies and structures for employees. Fisher is thus "employer" of Plaintiffs and their co-workers under the terms and definitions of the FLSA, and is jointly and severally liable to Plaintiffs and those similarly situated to them for the damages sought herein.

18. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiffs' regular and overtime work.

19. Defendants are liable to Plaintiffs under the FLSA for all unpaid wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs. Due to the knowing and willful conduct of Defendants in violating the FLSA, Plaintiffs and those similarly situated to them who opt in to this lawsuit are entitled to recover unpaid overtime and liquidated damages for a period of three years prior to their appearance in this matter.

**Plaintiffs Individual Allegations**

20. As non-exempt employees, Plaintiffs were entitled to be paid their regular wages and to be paid an overtime premium for all work performed during the hours worked over 40 hours in each workweek. Defendants failed to pay the Plaintiffs the required overtime premium in every workweek that the Plaintiffs were employed by Defendants during the Relevant Time Period, as the Plaintiffs worked in excess of 60 or more hours in many weeks, and sometimes worked in excess of 70 hours per week. Plaintiffs were paid on hourly rate basis, but were not paid premium pay for hours worked over 40.

21. No exemption excuses the Defendants from paying Plaintiffs for all time spent and work performed during the hours they worked, and the Defendants have not made a good faith effort to comply with the FLSA. As such, the Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiffs. Such practice was and is a clear violation of the FLSA.

**CAUSES OF ACTION**

**Violation of the FLSA – Failure to Pay Overtime Wages Owed**

22. Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Plaintiffs for work performed in the employ of the Defendants.

23. Plaintiffs have suffered damages as a direct result of Defendants' illegal actions.

24. Defendants are liable to Plaintiffs for all unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA for work performed during time worked in excess of 40 hours per work week, for the three-year period preceding the filing of this lawsuit.

## Demand for Jury

25. Plaintiffs demand a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiffs demand:

1. Judgment against Defendants for an amount equal to Plaintiffs' unpaid overtime wages at the applicable rates;
2. Judgment against Defendants that their violations of the FLSA were willful;
3. An equal amount to the actual damages as liquidated damages;
4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5. All costs and attorney's fees incurred prosecuting these claims;
6. Leave to amend to add claims under applicable state laws; and
7. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
Vijay A. Pattisapu
TBA No. 24083633
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
jbuenker@buenkerlaw.com
vijay@buenkerlaw.com
**COUNSEL FOR PLAINTIFFS**